BENJAMIN B. WAGNER
United States Attorney
BOBBIE J. MONTOYA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2775

Attorneys for Defendant
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | Case No. 2:13-CV-02475-MCE-CKD |
| Plaintiff, | STIPULATION FOR COMPROMISE SETTLEMENT AND DISMISSAL; ORDER THEREON |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") and defendant United States of America ("United States"), by and through their respective undersigned counsel, as follows:

1.      State Farm does hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation for Compromise Settlement ("Stipulation" or "Agreement").

2.      The United States agrees to pay State Farm the sum of Four Thousand, Four Hundred Ninety-Nine Dollars and Fifty-Two Cents ($4,499.52), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen damage to property and consequences thereof, resulting, and to result, from the subject matter that gave rise to the above-captioned action, including any future claims for which State Farm and any parent, subsidiary,

division, member, affiliated entities, or assigns, and each of them, now have or may hereafter acquire

against the United States, its agencies, agents, servants, and employees.

3.      State Farm and any parent, subsidiary, division, member affiliated entities, or assigns,

and any person or entity acting on behalf of any of the foregoing, agrees to accept the Four Thousand,

Four Hundred Ninety-Nine Dollars and Fifty-Two Cents ($4,499.52) in full settlement and satisfaction

of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including

claims for any and all known and unknown, foreseen and unforeseen damage to property and the

consequences thereof, which they may have or hereafter acquire against the United States, its agencies,

agents, servants, and employees on account of the same subject matter that gave rise to the above-

captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known

or unknown, and whether for compensatory or exemplary damages.  State Farm and any parent,

subsidiary, division, member, affiliated entities, or assigns, and any person or entity acting on behalf of

any of the foregoing, further agree to reimburse, indemnify and hold harmless the United States and its

agencies, agents, servants and employees from and against any and all causes of action, claims, liens,

rights, or subrogated or contribution interest incident to or resulting from further litigation or the

prosecution of claims arising from the subject matter of this action against any third party or against the

United States.

4.      This Stipulation is not, is in no way intended to be, and should not be construed as, an

admission of liability or fault on the part of the United States, its agencies, agents, servants, or

employees, and it is specifically denied that they are liable to State Farm or its insured.  This settlement

is entered into by State Farm and the United States for the purpose of compromising disputed claims

under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5.      This Agreement may be pled as a full and complete defense to any subsequent action or

other proceeding involving any person or party that arises out of the claims released and discharged by

this Agreement.

6.      It is also agreed, by and among the parties, that the settlement amount of Four Thousand,

Four Hundred Ninety-Nine Dollars and Fifty-Two Cents ($4,499.52) to State Farm represents the entire

amount of the compromise settlement and that the respective parties will each bear their own costs, fees,

and expenses and that any attorneys' fees owed by State Farm will be paid out of the settlement amount and not in addition thereto; and that all outstanding or future bills and liens will be the sole responsibility of State Farm.

7.      It is also understood by and among the parties that, pursuant to Title 28, United States Code, Section 2678, attorneys' fees for services rendered in connection with this action shall not exceed 25 percent of the amount of the compromise settlement.

8.      Payment of the settlement amount from the United States will be made by check drawn on the Treasury of the United States for Four Thousand, Four Hundred Ninety-Nine Dollars and Fifty-Two Cents ($4,499.52) and made payable to "Clerkin & Sinclair, LLP, in Trust for State Farm Mutual Automobile Insurance Company."  The check will be mailed to State Farm's attorney at the following address:  Richard L. Mahfouz, II, Esq., Clerkin & Sinclair, LLP, 701 B Street, Suite 1160, San Diego, CA 92101.  The law firm's taxpayer ID number is 20-3335151.  State Farm and its attorneys are responsible for payment for any taxes that may be due on the settlement proceeds, and the United States makes no representation as to any tax consequences or liabilities State Farm and its attorneys may incur as a result of this settlement.

9.      State Farm has been informed that payment may take sixty days or more to process, but the United States agrees to make good faith efforts to expeditiously process said payment.

10.     The parties agree to execute and deliver such other and further documents as may be required to carry out the terms of this Agreement.

11.     The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, State Farm shall not seek to rescind the Agreement and pursue its original causes of action.  State Farm's sole remedy in such a dispute is an action to enforce the Agreement in district court.  Notwithstanding the entry of a dismissal herein, the parties agree that the Honorable Morrison C. England, Jr., shall retain jurisdiction to enforce the terms of this Agreement.

12.     State Farm hereby releases and forever discharges the United States and any and all of its past and present officials, employees, agencies, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of action, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising

out of the allegations set forth in State Farm's pleadings in this action.

13.    The provisions of California Civil Code Section 1542 are set forth below:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

State Farm having been apprised of the statutory language of California Civil Code Section 1542 by its attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights it may have pursuant to the provision of that statute and any similar provision of federal law. State Farm understands that, if the facts concerning its insured's injuries and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by it to be true, the Agreement shall be and remain effective notwithstanding such material difference.

14.    The parties agree that this Stipulation for Compromise Settlement, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and State Farm expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

15.    This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

16.    Each person signing this Agreement warrants and represents that he or she possesses full authority to bind the party on whose behalf he or she is signing to the terms of the Agreement.

17.    Each person signing this Agreement warrants and represents that no promises, inducements, or other agreements not expressly contained herein have been made; that this Agreement contains the entire agreement between the parties; and that the terms of this Agreement are contractual and not mere recitals.

18.     Each person executing this Agreement represents that he or she has read and understands its contents; that he or she executes this Agreement voluntarily; that he or she has not been influenced by any person acting on behalf of any party.

19.     This Agreement may be executed in counterparts.  All such counterparts and signature pages, together, shall be deemed to be one document.

20.     Upon approval by the Court as provided below, State Farm's action against the United States is hereby DISMISSED WITH PREJUDICE in its entirety, and the Clerk of the Court is requested to enter this dismissal and release in the official docket and to close the case.

IT IS SO STIPULATED.


DATED:  March 7, 2014                          CLERKIN & SINCLAIR, LLP


                                       By:    /s/ *Richard L. Mahfouz, II*
                                              RICHARD L. MAHFOUZ, II

                                              Attorneys for Plaintiff
                                              State Farm Mutual Automobile Insurance Co.


DATED:  March 19, 2014                         BENJAMIN B. WAGNER
                                               United States Attorney


                                               /s/ *Bobbie J. Montoya*
                                               BOBBIE J. MONTOYA
                                               Assistant United States Attorney

                                               Attorneys for Defendant
                                               United States of America


DATED:  March 7, 2014                          STATE FARM MUTUAL AUTOMOBILE
                                               INSURANCE COMPANY


                                                /s/ *Richard L. Mahfouz, II*
                                               By:  RICHARD L. MAHFOUZ, II
                                               Its:   State Farm Mutual Automobile
                                                      Insurance Company Claims
                                                      Representative

**ORDER**

In light of the parties' settlement of this action and stipulation thereto, ECF No. 11, this action is DISMISSED with prejudice.  The parties stipulated and requested that the Court shall retain jurisdiction to enforce the terms of their agreement.  The Court does so, but only to the extent permitted by law.  See Keeling v. Sheet Metal Workers Int'l Ass'n (9th Cir. 1991) 937 F2d 408, 410; compare Delay v. Gordon, 475 F.3d 1039, 1045 n.11 (9th Cir. 2007) with In re Hunter, 66 F.3d 1002, 1006 (9th Cir. 1995).  The Clerk of the Court is ORDERED to CLOSE this case.

IT IS SO ORDERED.

Dated:  March 25, 2014

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT